May it please the Court, I'm Gina Robinson, pro se appellate. I'm seeking a reversal of both the order and the judgment for dismissal from Judge Woods, dated February 28th, 2024, from the Southern District of New York Court. Judge Woods abused his discretion. He dismissed the case sua sponte, without even hearing from the defendant first, and did so after he removed the judge that was originally replaced there and put himself in there and ordered an OSC for dismissal immediately, serving it with the . . . Who knows? I put the complaint in, filed the complaint, 45 days later I still didn't have it. When I requested it, when I requested it from the Court, suddenly he appeared, and he appeared with fire under his belly, and he filed that OSC for dismissal simultaneously with the summons. And the OSC was just ripe with every legal instrument you could think of to try and dismiss it. And this is before he even heard one word from the defendant, who was a judge. And I do believe that he did this . . . Right, but the defendant in this case is a judge, and you're saying she violated your constitutional rights by not recognizing those rights in a state court proceeding, right? Well, the state court judge, yes, who I'm suing as Judge Kotler, he dismissed the case against her without hearing from her yet. She didn't even respond to the complaint. So that's . . . Was she served with process? I'm sorry? Was the judge served with process? Absolutely. February 15th, and it was . . . February 14th, it was served to her, and it was uploaded to the court on the 15th. So she definitely was served. The reason that there's an issue with abuse of discretion is because – I believe he did it because he shares the same profession with the defendant. And his actions were . . . You can. She has no immunity. Okay, so why is that? Non-judicial acts do not attach to judicial immunity. And the . . . So what are the judicial acts, the non-judicial acts that you allege? Well, she denied me my constitutional rights, civil rights, due process rights throughout the entire case. And the facts of the case are as follows. There's a lot. I'm sorry I have to rush through it. But I went to a dentist, ordered the device, paid for it up front. They didn't give me what I paid for. I tried to get a refund, and then I found . . . and they refused to give me the device back. Then I found out from my bank, when I tried to get the reversal on the charges, that they doxed my medical records to them. They did so by forging my signature three times on three different release forms that they never gave me a copy of. And then there was a false statement in those documents that I had already received the . . . it's a spring aligner called Essay. They had that. They kept it for nearly two years. I never got it until I was ordered by Judge Kotler to surrender more money to a random orthodontist to get back the device. And I had 30 days to do this. And if I didn't do it within 30 days, which is a practice outside normal activities for orthodontists. They don't like taking other people's patients' devices and inserting them. So, they have issues with insurance. So, she told me to do something that they didn't want to do, but I found one. But the idea was that if I didn't find them within 30 days, that this device would be surrendered to the tortfeasors. They would get to keep it if I didn't get this random dentist to complete the contract. So, basically, she has no judicial immunity because those are non-judicial acts. Surrendering my device to somebody who has to be paid outside the case is illegal, basically. She made me give money to outside parties in order to get my device, which was my property. And there's neither the Erie Doctrine or the Rooker-Feldman Doctrine, which was mentioned by Judge Woods. They don't bar me from suing her in court because the 13th Amendment has provisions for a forum for litigants and that overrides immunity. And then the Constitution has a forum provision also, Article I, Section 9, which basically states that a litigant can challenge state court decisions if the state court decisions violate your civil rights or your constitutional rights. And the last thing – the last point I wanted to make about the entire case was that the – how do I say this right? You said you could get nominal damages even if you didn't suffer more extensive harm. I'm sorry. What's that? You could get – you could sue for nominal damages even if you didn't suffer additional compensable harms. Well, I don't know about the suffering of the additional harms, but it just basically doesn't matter if she gets sued for a penny or anything. Right. She can still be sued because the case is novel. And I would just like to say also that if a patient or any citizen goes to see a professional, they should be able to relax in the care of the professional. And if the professional fails them or harms them, then that same patient or citizen should be able to rest in the care of the courts to make them whole again. And that didn't happen with me. So if I could go into the – We're over time. Maybe you can make one last point. Sure, sure. Well, I just like to say that this – my basic arguments, they fall in line with Marbury v. Madison, the 1803 landmark Supreme Court case that basically promoted the Constitution as the law of the land. And anything that comes out of the courts that – or not out of the courts but out of Congress that contradicts the Constitution is basically void. Thank you very much, Ms. Robinson. Thank you very much. The case is submitted.